UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DAMIAN E. OWENS<br>           LA. DOC #187879<br>VS. | CIVIL ACTION NO. 3:11-cv-0304<br><br>SECTION P<br><br>JUDGE ROBERT G. JAMES |
| CHAD LEE | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

   *Pro se* plaintiff Damian E. Owens, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, who is incarcerated at the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 22, 2011.  Plaintiff was permitted to proceed *in forma pauperis*. Plaintiff complained about conditions of confinement and sued Warden Chad Lee asking for money damages in the amount of $50,000.

   This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED** pursuant to F.R.C.P. Rule 41.

*Background*

   Plaintiff is an LDOC inmate incarcerated at FPDC. In his initial hand-written complaint, he sued Warden Lee in his supervisory capacity and alleged that FPDC has no social worker on staff; that unnamed corrections officers "open legal mail"; that plaintiff's grievances have not been

answered; that the food portions are insufficient; that the kitchen staff are unsanitary; and that inmates are not provided cleaning materials for the rest rooms. Plaintiff was required to amend his complaint and directed to utilize the appropriate form pleading. On March 23, 2011, he amended as directed and re-alleged his claim concerning Lee's failure to provide social workers; his claim that Warden Lee opens inmates legal mail; that Lee failed to respond to plaintiff's grievances; that un-named inmates are required to sleep on the floor; that small portions of food are served on dirty, wet trays, that the kitchen staff are unsanitary; that officers throw away the food of inmates who violate chow hall rules; and that inmates are not provided proper cleaning supplies for their restrooms. On May 10, 2011, plaintiff was again directed to amend his complaint and to provide, the name of each person who allegedly violated plaintiff's constitutional rights; a description of what actually occurred or what each defendant did to violate plaintiff's rights; the place and date that each event occurred; and a description of the alleged injury sustained as a result of the alleged violation. It was further noted that plaintiff's complaint was "... purely conclusive and devoid of any facts which support his claim for relief." Plaintiff was directed to amend his complaint within 30 days of May 10, 2011, and to provide the additional details noted above. [Doc. 6] Plaintiff did not comply with the order, nor did he request additional time within which to comply.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases

2

and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff's failure to abide by an order of the court warrants dismissal of the complaint.[1] Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

---

[1] The undersigned further finds that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored a specific court order directing him to amend his complaint to provide factual support for his otherwise conclusive claims; plaintiff has not responded to that order. Further, plaintiff has not even attempted to contact the court since he filed his first amended complaint and request to proceed *ifp* on March 23, 2011. [Docs. 3-4] Furthermore, since plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action because he is apparently unable to demonstrate any harm or prejudice arising from the allegedly unconstitutional conditions of confinement about which he complained.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, July 27, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE